**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02720-REB-CBS

JOSE ARGUETA-PEREIRA,

    Plaintiff,

v.

JOSE BRUNO OCHOA and
KIMZEY CASING SERVICE, LLC

    Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**Blackburn, J.**

The matter before me is the **Motion To Dismiss** [#10][1] filed January 4, 2012, by defendant Kimzey Casing Service, LLC. The plaintiff filed a response [#16], and Kimzey filed a reply [#17]. I grant the motion.

### I. JURISDICTION

I have subject matter jurisdiction over this case under 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Kimzey argues, *inter alia*, that the plaintiff's claims must be dismissed because they are barred by the principles of *res judicata*. When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations of the

---

[1] "[#10]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003).

I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  **Id.** (emphases in original).[2]  Nevertheless, the standard remains a liberal one,

---

[2] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it

and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III. ANALYSIS

On October 17, 2008, plaintiff Jose Argueta-Pereira was riding in a truck owned by defendant Kimzey, and driven by Jose Bruno Ochoa, a Kimzey employee. The plaintiff alleges that, after he exited the truck, Mr. Ochoa drove over the plaintiff, causing the plaintiff to suffer injuries. The plaintiff has sued Kimzey for (1) vicarious liability for Ochoa's actions; (2) negligent entrustment; and (3) negligent hiring, training and supervision. In its motion, Kimzey seeks dismissal of these claims under Fed. R. Civ. P. 12(b)(6) either under the principles of *res judicata* or under the statute of limitations.

Though occasionally used to refer to the narrower concept of claim preclusion, the doctrine of *res judicata* traditionally subsumes both claim preclusion and issue preclusion, which sometimes is called collateral estoppel. ***See, e.g., Carter v. City of Emporia***, 815 F.2d 617, n. 2 (10th Cir. 1987). "The doctrine of res judicata, or claim preclusion, will prevent a party from re-litigating a legal claim that was or could have been the subject of a previously issued final judgment." ***MACTEC, Inc. v. Gorelick***, 427 F.3d 821, 831 (10th Cir. 2005). *Res judicata* bars a subsequent claim if four elements are met: "(1) the prior suit must have ended with a judgment on the merits; (2)

---

        is hard to see how a claimant could satisfy the requirement of providing
        not only 'fair notice' of the nature of the claim, but also 'grounds' on which
        the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974) (internal citations and footnote omitted).

the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim in the prior suit." *In re Mersmann,* 505 F.3d 1033, 1049 (10th Cir . 2007) (citing *Nwosun v. Gen. Mills Rests.,* 124 F.3d 1255, 1257 (10th Cir. 1997)).

Defendant Kimzey has submitted records of a state court proceeding in which the plaintiff filed claims identical to the claims in this case. *Motion* [#10] Ex. E.[3] On June 27, 2010, the plaintiff filed a complaint in state court asserting claims against Kimzey based on the same October 17, 2008, accident at issue in the complaint in this case. Like the present case, the state court complaint against defendant Kimzey included claims for (1) vicarious liability for Ochoa's actions; (2) negligent entrustment; and (3) negligent hiring, training and supervision. *Id.* The state court dismissed the plaintiff's complaint for failure to file a cost bond. *Motion* [#10] Ex. D.

The doctrine of *res judicata* applies here. In the present case and in the prior state court case, the parties, claims, and causes of action are essentially identical. The plaintiff argues that dismissal for failure to file a cost bond represents neither a judgment on the merits nor a full and fair opportunity to litigate the claim. I disagree. Under Colorado Rule of Civil Procedure 41(b),

> [u]nless the court in its order for dismissal otherwise specifies, a dismissal under this section (b) and any dismissal not provided for in this Rule, other than a dismissal for failure to prosecute, for lack of jurisdiction, for failure to file a complaint under Rule 3, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

---

[3] In his response [#16], the plaintiff does not dispute the authenticity of these documents. The court may take judicial notice of public records in a prior state court proceeding without converting a motion to dismiss into one for summary judgment. *City of Philadelphia v. Fleming Cos., Inc.,* 264 F.3d 1245, 1251 n. 4 (10th Cir. 2001). I may consider facts subject to judicial notice in ruling on a motion to dismiss. *Tal v. Hogan,* 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006).

4

C.R.C.P 41(b). As Kimzey notes, the state court's order contains no language indicating the action was not adjudicated on the merits. Thus, the state court order represents final judgment on the merits. **See Jacobs v. Dujmovic**, 752 F. Supp. 1516, 1522 (D. Colo. 1990) (holding state court's dismissal of claims for failure to post a cost bond pursuant to court order was an adjudication on the merits for the purposes of *res judicata*) *aff'd,* 940 F.2d 1392 (10th Cir. 1991), *cert. denied*, 506 U.S. 1015 (1992).

The plaintiff contends he was not given a "full and fair opportunity to litigate the claim in the prior suit." *Response* [#16]. However, Kimzey submitted a state court order extending the time to file cost bond. *Motion* [#10] Ex. K. The plaintiff does not dispute the authenticity of this order. Although plaintiff was granted additional time to file cost bond, he still failed to do so. Only after this additional time expired did the state court dismiss the plaintiff's case. Thus, the plaintiff was afforded a full and fair opportunity to litigate his claims in state court but, ultimately, he failed to take the steps necessary to avail himself of the opportunity.

The plaintiff's suit against Kimzey is barred by the doctrine of *res judicata*. The plaintiff's lawsuit in state court ended with a judgment on the merits. The parties in the state court suit and the present case are identical. The two suits concern the same causes of action based on the same factual allegations. The plaintiff had a full and fair opportunity to litigate his claims in the state court suit. Because all of the elements of *res judicata* are satisfied, the motion to dismiss should be granted.[4]

**THEREFORE, IT IS ORDERED** as follows:

---

[4] Because plaintiff's claim is barred by *res judicata*, the issue of whether these claims are barred by the statute of limitations is moot.

1. That defendant's **Motion To Dismiss** [#10] filed January 4, 2012, is **GRANTED**;

2. That the plaintiff's claims against defendant Kimzey Casing Service, LLC are **DISMISSED with prejudice**; and

3. That defendant Kimzey Casing Service, LLC is **DROPPED** as a party to this action, and the caption shall be **AMENDED** accordingly.

Dated July 2, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge