**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02720-REB-CBS

JOSE ARGUETA-PEREIRA,

    Plaintiff,

v.

JOSE BRUNO OCHOA,

    Defendant.

## ORDER OF DISMISSAL

**Blackburn, J.**

    This matter is before the court *sua sponte*. On June 29, 2012, the court entered an **Order To Show Cause** [#21][1]. In that order the plaintiff was directed to show cause in writing why the claims against the sole remaining defendant, Jose Burno Ochoa, should not be dismissed under FED. R. CIV. P. 4(m) and 41(b). To date the plaintiff has not responded to the **Order To Show Cause** [#21]. I make the order to show cause absolute and dismiss this case.

### I. JURISDICTION

    I have subject matter jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

### II. ANALYSIS

    This case was filed on October 19, 2011. Approximately one year later, nothing

---

[1] "[#21]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

in the record shows that the plaintiff has served or attempted to serve the defendant, Jose Bruno Ochoa.  Approximately one year later, nothing in the record shows that the plaintiff has taken any action, other than filing the complaint, to prosecute his claim against Jose Bruno Ochoa.  Under FED. R. CIV. P. 4(m), an action against a defendant is subject to dismissal if the "defendant is not served within 120 days after the complaint is filed . . . ."  Under FED. R. CIV. P. 41(b), the court may dismiss a claim or claims based on the plaintiff's failure to prosecute those claims. This case is subject to dismissal under both FED. R. CIV. P. 4(m) and 41(b).  For purposes of this order, I view Mr. Argueta-Periera's failure to serve Mr. Ochoa as one type of inaction that constitutes failure to prosecute.

In determining whether dismissal as a sanction for a party's failure to prosecute is appropriate, I must evaluate several factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.

*Gripe v. City of Enid, Okl.*,  312 F.3d 1184, 1188 (10th Cir. 2002), citing *Ehrenhaus v. Reynolds*,  965 F.2d 916, 918 (10th Cir. 1992).  These criteria are known as the *Ehrenhaus* factors.  "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  Dismissal is an appropriate sanction if, after considering all of the factors, the court "concludes that dismissal alone would satisfy the interests of justice." *Id*.  Applying these factors, I

conclude that dismissal is an appropriate sanction in this case.

1. Degree of actual prejudice to the defendant - There is no indication that the un-served defendant, Mr. Ochoa, has suffered any prejudice as a result of the pendency of this lawsuit and the failure to prosecute this case.

2. Amount of interference with the judicial process - Mr. Argueta-Periera's filing of this lawsuit, and his subsequent failure to serve Mr. Ochoa or otherwise to prosecute his claim against Mr. Ochoa, has interfered with the judicial process.  Progress toward the resolution of this case has been brought to a total standstill by Mr. Argueta-Periera's inexplicable and unexcused failure to serve Mr. Ochoa or otherwise to prosecute his claim against Mr. Ochoa.  Mr. Argueta-Periera's interference with the judicial process is exacerbated by the fact that he failed to respond in any way to the court's **Order To Show Cause** [#21].   Mr. Argueta-Periera's inaction has "hindered the court's management of its docket . . . .." **Mobley v. McCormick**, 160 F.R.D. 599, 601 (D. Colo. 1995) (quoting **Jones v. Thompson**, 996 F.2d 261, 265 (10th Cir. 1993)).

3. The plaintiff's cupability - Without explanation, Mr. Argueta-Periera failed to serve a defendant he named in this lawsuit, failed otherwise to prosecute his claim against that defendant, and failed to respond to the court's **Order To Show Cause** [#21]. Nothing in the record shows that there is any valid reason for Mr. Argueta-Periera's inaction or intransigence.  Therefore, I find that Mr. Argueta-Periera has intentionally disregarded his obligation to comply with the Federal Rules of Civil Procedure and the orders of this court.

4. Warning that dismissal is a sanction for non-compliance - In the court's **Order To Show Cause** [#21], Mr. Argueta-Periera was warned explicitly that dismissal of this

case is a possible sanction for his failure to serve the defendant and failure to prosecute this case. Mr. Argueta-Periera has been given ample warning that dismissal is the likely sanction for his refusal to serve the defendant and to prosecute this case.

5. Efficacy of lesser sanctions - Mr. Argueta-Periera has been given ample opportunity to serve the defendant and to prosecute this case.  His inaction, including his refusal to respond to the **Order To Show Cause** [#21], shows that lesser sanctions would likely have no effect on Mr. Argueta-Periera.  I conclude that it is highly unlikely that any sanction short of dismissal would motivate Mr. Argueta-Periera to comply with his obligations in this case.

### III. CONCLUSION & ORDERS

Dismissal is an appropriate sanction when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. . . ." ***Ehrenhaus***, 965 F.2d at 916 (quoting ***Meade v. Grubbs***, 841 F.2d 1512, 1521 n. 7 (10th Cir. 1988)). In this case, four of the five of the relevant factors weigh heavily in favor of dismissal as a sanction for Mr. Argueta-Periera's failure to prosecute this case.  These aggravating factors substantially outweigh the judicial system's strong predisposition to resolve cases on their merits.  Applying the standards applicable under FED. R. CIV. P. 41, ***Gripe v. City of Enid, Okl.***, 312 F.3d 1184, 1188 (10th Cir. 2002), and ***Ehrenhaus v. Reynolds***, 965 F.2d 916, 918 (10th Cir. 1992), I conclude that dismissal of this case with prejudice is the appropriate sanction for Mr. Argueta-Periera's failure to prosecute this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That under FED. R. CIV. P. 41(b), the plaintiff's claims against defendant Jose Bruno Ochoa are **DISMISSED** with prejudice;

    2. That **JUDGMENT SHALL ENTER** in favor of the defendant, Jose Bruno Ochoa, and against the plaintiff, Jose Argueta-Pereira;

    3. That the defendant, Jose Bruno Ochoa, is **AWARDED** his costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

    4. That this case is **CLOSED**.

Dated October 29, 2012, at Denver, Colorado.

                                        **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge